# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BERNARD WOLFARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:06–CV-1388-D** |
| | § | **(ECF)** |
| **PROSPECT AIRPORT SERVICES,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### AFFIDAVIT OF JO ANN STORIE

STATE OF TEXAS            §
                          §
COUNTY OF _Collin_        §

BEFORE ME, the undersigned, a Notary Public, personally appeared Jo Ann Storie, who is personally known to me, and who, being by me duly sworn, deposed and stated:

1.     My name is Jo Ann Storie.  I am over the age of twenty-one years, of sound mind, and capable of making this affidavit.  I have never been convicted of a felony or a crime involving moral turpitude.  I have personal knowledge of the facts stated in this affidavit and they are true and correct.

2.     I am the Risk Manager of Prospect Airport Services, Inc. ("Prospect").

3.     As part of my job duties, I am responsible for coordinating with outside counsel concerning litigation involving Prospect, and in particular in assisting outside counsel in responding to discovery.

4.    In this capacity, I am familiar with the allegations in this lawsuit and am familiar with some of the facts and circumstances relating to the ownership, possession and control of the business records and litigation files of Prospect.

5.    I have been provided a copy of Plaintiff's Notice of Oral and Video Deposition of Prospect ("Notice"), as well as Prospect's Motion for Protective Order ("Prospect's Motion") and Plaintiff's Response to Plaintiff's Motion ("Plaintiffs Motion"). I have reviewed the topics listed in the Notice.

6.    As drafted, certain of the topics listed in the Notice are extremely broad and would require a substantial expenditure of time and effort to attempt to gather the requested information.

7.    Plaintiff's request for a corporate representative to testify with respect to all other incidents causing injury or death to the traveling public over the last ten years, without a limitation on geographic location, would impose an unreasonable burden upon Prospect and the witness designated to testify.   Prospect generally does not retain documents relating to incidents beyond a certain number of years, depending upon the applicable state statute of limitations, unless a claim has been made arising from that incident, and then only until a certain amount of time after the claim is closed.  In addition, until the last few years, claims were typically handled by the insurance carriers for Prospect, whose files are not in the possession, custody or control of Prospect, so Prospect would have more limited information regarding those incidents.  Consequently, with respect to older incidents within the requested time period, it is unlikely that there would be sufficient information with which to prepare a witness.  To the extent that Prospect has information regarding such injuries or deaths in the last ten years, the

information could be located in a number of different locations, including a corporate storage location in Chicago, Illinois, warehouses maintained by any outside counsel who were involved with any claims arising from such incidents, and/or in the files located at one of the 11 locations around the country where Prospect currently provides services. For active claims or recently closed claims, some of the information may be contained within the active files that I maintain, but the additional information necessary to prepare a witness to testify regarding such incidents, to the extent it exists, would be located at one of the 11 locations around the country where Prospect currently provides services and/or within the files of any outside counsel that was involved in the particular claim. Consequently, to prepare a witness to testify regarding the broad category of information sought by Plaintiff for the past ten years would require Prospect to have its attorneys, consultants and/or employees visit the various locations where these documents may be stored and search for, locate, identify, review, and copy the relevant documents and then use them to prepare a witness to testify regarding those incidents.

8.      Plaintiff has also asked for a witness to testify regarding the rate or frequency of resignations or terminations of Prospect employees, without any time limitation and without any limitation in geographical scope. Prospect does not keep track of the rate or frequency of resignations or terminations at all of the locations that it works, so to prepare someone to testify on those topics with any detail, Prospect would have to go through its employment and payroll records and attempt to create an estimate. The task would be monumental and would be an estimate at best, because the requested information is not something that is tracked by Prospect. To even attempt to calculate these figures would require a review of files and data from all eleven locations where

Prospect currently provides services, as well as the locations where Prospect has provided services in the past. The information is not centrally located or maintained.

9.      Because the search involved in preparing a witness to testify regarding these topics is so extensive, it is impossible to estimate the amount of time that would be required to complete such a search, but the total time required of Prospects employees, counsel and/or consultants would certainly exceed several hundred hours and would cost Prospect at least $20,000 in outside attorney and consulting expert time.

10.     It is not clear to me what information Plaintiff is seeking with respect to the topic of safety needs of special need passengers. Every passenger that requests assistance has varying needs. To attempt to prepare a witness to testify as to every single safety need of every single hypothetical passenger with special needs would be extremely difficult. The topic as written is so broad that Prospect could not begin to prepare a witness on the topic. Plaintiff's safety needs would likely vary significantly from other special needs passengers.

11.     In addition, I believe these topics have no relevance to the case, but are merely being requested in order to require Prospect to expend a great deal of time and money to prepare a witness to testify regarding information that is not easily obtainable to Prospect.

FURTHER AFFIANT SAYETH NOT.

_____
Jo Ann Storie

SUBSCRIBED AND SWORN TO before me, a Notary Public for the State and County aforesaid, on this _____ day of May, 2007.

AFFIDAVIT OF JO ANN STORIE                                                    Page 4

[Notary Seal]



SUMMER R. LADUE
Notary Public
State of Texas
My Comm. Exp. 12-30-09

_Summer M. Ladue_
Notary Public