IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD WOLFARD | ) | |
| | ) | |
| v. | ) | 3-06-CV-1388-D |
| | ) | |
| PROSPECT AIRPORT SERVICES, INC. | ) | |

### O R D E R

Pursuant to the District Court's orders of reference Plaintiff's motion to compel filed on April 11, 2007 (Doc. 23), Defendant's motion for protective order filed on April 23, 2007 (Doc. 27) and Defendant's motion to compel filed on April 23, 2007 (Doc. 28), have been referred to the magistrate judge for determination. Upon consideration and review of the pertinent pleadings, the court finds and orders as follows:

**Plaintiff's motion to compel:** In his motion to compel Plaintiff seeks an order compelling Defendant to produce documents called for in Requests 5 and 8 of his First Request for Production of Documents. In his second amended complaint Plaintiff alleges that he was injured as a result of falling from his wheelchair caused by the negligence of Defendant's employee in pushing the wheelchair down the jet bridge too quickly. In addition, he claims that the accident was a result of Defendant's failure to adequately train and to supervise the activities of its employee.

Request 5 seeks all documents relating to claims and legal proceedings which relate to alleged injuries sustained by a passenger who was in a wheelchair at or near the time of the injury. Request 8 seeks documents relating to incidents or accidents involving Defendant's employees and passengers in wheelchairs. Plaintiff has agreed to limit his requests to documents for the five years preceding the incident at issue in this case.

If similar incidents involving other employees of Defendant when pushing or pulling persons

while confined in wheelchairs occurred during the employment of Mr. Abdulrahman, Defendant's actions in counseling or warning Mr. Abdulrahman to take steps to avoid similar situations - or the absence of such instructions - relate directly to Plaintiff's claim that Defendant failed to appropriately train Mr. Abdulrahman.  However, Plaintiff is not entitled to review documents relating to other incidents, merely because the injured person was wheelchair bound, but where injuries were not as a result of a fall or due to the manner in which Defendant's employee was pushing or pulling the wheelchair.

**Defendant's motion for protective order:** Plaintiff served Defendant with his notice of intention to depose Prospect Airport Services' Rule 30(b)(6) representative which identified 24 numbered areas of inquiry.  In its motion Defendant seeks an order relieving it of the obligation of presenting a witness to testify on seven of the designated topics, i.e. Nos. 5, 14, 19, 20, 21, 22 and 23.

Defendant provides passenger assistance services at eleven locations in the United States. In order to determine information relating to Nos. 19, 20, 21 and 22 Defendant would need to consult managers at all locations and review closed employee files, even though the incident at issue occurred at a single location, DFW International.  Although the threshold discoverability information is quite low, See Rule 26(b)(1), Plaintiff cannot demonstrate that these topics are relevant to his claims.

Topics 5 and 14, as stated in Plaintiff's notice, are overly broad.  However, limiting No. 5 to incidents involving injuries or death to persons who were confined in wheelchairs while being attended or assisted by an employee of Defendant for the agreed five-year period prior to the incident at issue, and limiting No. 14 to special needs passengers confined to wheelchairs will

provide Plaintiff discovery to which he is entitled while relieving Defendant of an undue burden of reviewing any and all files which involved a member of the traveling public who was attended or assisted by one of its employees.

Defendant has not shown that providing information with respect to No. 23 would pose an undue burden for the period during which Mr. Abdulrahman was employed and further it relates to discoverable relevant information.

**Defendant's motion to compel:** In its motion Defendant Prospect seeks an order compelling Plaintiff to serve answers to specific interrogatories submitted in its First Set of Interrogatories and to compel responses and documents called for in specific requests contained in its First Request for Production.

Plaintiff was rendered a paraplegic as a result of an accident which occurred in 1977. On the date on which he interacted with an employee of Defendant at DFW International Airport he fell from his wheelchair. Later that same day he fell again from his wheelchair at the airport at Kansas City while being assisted by employees of American Airlines.[1]

Upon review of the contested interrogatories the court finds that Defendant is entitled to receive full and complete answers to Interrogatories 6, 7, 14, 15 (but limited to only such pre-existing conditions which were not fully resolved or cured prior to January 2, 2005), 16, 17 and 18.

The court further finds that Defendant is entitled to responses to Requests 15, 16, 47 (limited to six months prior to January 2, 2005), 81 and 83 (limited to the ten year period preceding January 2, 2005). In the event that Plaintiff has any documents called for in the said requests he will produce

---

[1] Wolford has settled his claims against American Airlines. See Doc. 24 - order of dismissal.

the same for inspection and copying by Defendant.

Request 75 seeks copies of transcripts of any depositions given by any person designated as an expert whom Plaintiff intends to call at trial. Defendant is entitled to an unqualified response to this request. However, unless Plaintiff or his counsel has a copy of any prior deposition, he will not be required to obtain a copy from the expert or any third party.

IT IS, THEREFORE, ORDERED that the respective motions are granted in part as follows:

1. Plaintiff's motion to compel is granted to the extent that Defendant will produce documents called for in Requests 5 and 8, limited to the five year period preceding January 2, 2005, and further limited to injuries sustained by wheelchair bound persons which were allegedly caused by the pushing or pulling of such persons by employees of Defendant.

2. Defendant's motion for protective order is granted to the extent that it will not be required to produce a Rule 30(b)(6) representative to testify on topics 19, 20, 21 and 22. The representative will be qualified to testify on topic 5, but limited to injuries or death to persons who were confined in wheelchairs which were being pushed or pulled by employees of Defendant and which occurred not more than five years prior to January 2, 2005. The representative will be qualified to testify on topic 14, but limited to the needs of persons confined in wheelchairs, and on topic 23, limited to the period during which Mr. Abdulrahman was employed by Defendant.

3. Defendant's motion to compel is granted to the extent that Plaintiff will serve his responses to Requests 6, 7, 14, 15, 16, 17, 18, 47, 81 and 83, as limited above.

IT IS FURTHER ORDERED that the documents called for in the documents requests addressed above will be made available to opposing counsel for inspection and copying not more than twenty (20) days from the date of this order, unless extended by agreement or on further order

of the court.

A copy of this order shall be transmitted to counsel for the parties.

SIGNED this 7th day of June, 2007.

*Wm. F. Sanderson, Jr.*
_____
UNITED STATES MAGISTRATE JUDGE